EASTERN DIST.
*February*, 1840.

RIO *vs.* GORDON ET AL.

RIO
*vs.*
GORDON ET AL.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

Immaterial amendments, even if erroneously allowed or rejected by the court *a qua*, where they cause no injury or prejudice to the party, will not be allowed to interfere with the judgment, or cause its reversal in this court.

Where the appellant may reasonably have had doubts of the correctness of the judgment below, he will not be condemned to pay damages as for a frivolous appeal.

This is an action against the maker and endorser of two promissory notes. The notes are protested and annexed to the petition for reference.

The defendants severed in their answers. The maker of the note excepted, and denied that the plaintiff was the owner of the notes, or had a right to receive payment. On the merits, he denies having signed the notes sued on. The endorser pleaded the same exceptions, and other matters of defence set up in the answer of his co-defendant. The plaintiff, on leave, amended his petition, to correct an error in setting out the date of the notes, changing the dates from 1837 to 1838, which was excepted to.

The defendants also filed a supplemental answer, which was stricken out on the trial. The defendants' counsel excepted.

There was judgment for the plaintiff, and the defendants appealed.

*I. W. Smith,* for the plaintiff, insisted that all the amendments and errors stated were immaterial.

*M'Henry,* for the appellants, urged several errors in the proceedings, and also the matters excepted to in relation to the amendments.

*Morphy, J.,* delivered the opinion of the court.

The defendants are sued on two promissory notes, drawn by one of them to the order of, and endorsed by the other.

They denied having signed notes such as those set forth in the petition. When the trial came on, the plaintiff's counsel moved the court for leave to correct an error in his petition, which described the notes as executed in 1837 instead of 1838. This was permitted by the court on the ground that the amendment was immaterial, the notes and protests having been annexed to the petition for reference. To this opinion the defendants excepted. We think that this decision, even if erroneous, caused no prejudice to defendants, for we are satisfied that had the amendment not been allowed, the defendants could not have resisted the introduction of the notes in evidence. It is shown that they had full notice that they were to be sued on those very notes; and that, therefore, they would be introduced and relied on. The defendants next complain that an amended answer filed by them was improperly stricken out. It appears, that owing to the rapidity with which business proceeds in the court below, the amended answer although filed on the very next day after the original one, came in after the cause was set for trial. Under other circumstances the defendants might perhaps, have been relieved, but here we think the judge was correct, because this amended answer was not only untimely, but alleged no new fact, created no new issue, and was intended only to repair the omission of an affidavit in the original answer, with a view to obtain a trial by jury. The merits of the defence, set up in the first answer, have already been considered and found to contain nothing. Damages are prayed for by appellee, but we do not think this a proper case to allow any, because the defendants may have had some doubts on the correctness of the opinions to which they excepted ; and besides they are already bound to pay eight per cent. per annum.

It is, therefore, ordered, adjudged and decreed, that the judgment below be affirmed, with costs.

Where the appellant may reasonably have had doubts of the correctness of the judgment below, he will not be condemned to pay damages as for a frivolous appeal.