THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

v.

ISAAC T. SUNDERLAND, Adm'r, etc.

</div>

1. INJURY FROM PASSING TRAIN—CONTRIBUTORY NEGLIGENCE.—Where one knows a railway train to be approaching, which may injure him if he attempts to cross the track before it, the slightest care for his own safety requires him to wait for it to pass. So, where it appears that the deceased was acquainted with the way in which the trains were run, and saw or might have seen the whole situation precisely as it was, but in her eagerness to secure a passage on the train, attempted to cross the track and was struck, there was gross negligence on her part. In such case the absence of the flagman from his post, or the failure to give warning of the approaching train by bell or whistle, is not such willful or wanton negligence on the part

L. S. & M. S. R. R. Co. v. Sunderland.

of the railroad company as to charge it with responsibility for the accident.

2. MEASURE OF DAMAGES.—If the company were liable at all, it would be only for the actual pecuniary damage suffered by the next of kin in the death of the person injured.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. C. D. ROYS, for appellant; that there was no proof of notice to the company to station a flagman at the crossing, as provided in the ordinance, and until such notice no obligation rests upon the company to do so, cited Ballance v. Underhill, 3 Scam. 453; Todemier v. Aspinwall et al. 43 Ill. 401; Evans v. v. Browne, 30 Ind. 514; Parent v. Walmsley's Adm'r, 20 Ind. 82.

Deceased was guilty of such gross negligence as to bar a recovery: Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. S. & M. S. Ry. Co. v. Hart, 1 Chicago Law Jour. 301; Ill. Cent. R. R. Co. v. Godfrey, 71 Ill. 500; Ill. Cent. R. R. Co. v. Hall, 72 Ill. 222; C. B. & Q. R. R. Co. v. Damerell, 81 Ill. 450; L. S. & M. S. Ry. Co. v. Miller, 25 Mich. 274; Wharton on Negligence, § 384.

The running of the train at a rate of speed prohibited by the ordinance does not raise a presumption that the injury was willful or wanton: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; Artz v. C. R. I. & P. R. R. Co. 34 Iowa, 153; R. R. Co. v. Hunton, 33 Ind. 335; R. R. Co. v. Houston, 5 Otto, 697.

To warrant a recovery, the party injured must have exercised ordinary care, or the injury must have been wantonly inflicted: Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510; R. R. Co. v. Houston, 5 Otto, 697; Ill. Cent. R. R. Co. v. Green, 81 Ill. 19; C. & A. R. R. Co. v. Becker, 76 Ill. 25; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. & N. W. R. R. Co. v. Sweeney, 52 Ill. 325; Wharton on Negligence, § 300.

An instruction on the part of the defendant, that as a matter of law the plaintiff cannot recover, supersedes the ancient practice of demurrer to the evidence, and should be tested by the same rules: Improvement Co. v. Munson, 14 Wall. 448;

Parks v. Ross, 11 How. 362; Schuchardt v. Allens, 1 Wall. 359; L. S. & M. S. Ry. Co. v. Miller, 25 Mich. 274; Artz v. C. R. I. & P. R. R. Co. 34 Iowa, 153; R. R. Co. v. Houston, 5 Otto, 697; Wilson v. Hudson R. R. R. Co. 24 N.Y. 430; Pleasant v. Fant, 22 Wall. 116; G. & C. U. R. R. Co. v. Loomis, 13 Ill. 548; Amos v. Linnott, 4 Scam. 440; C. B. & Q. R. R. Co. v. Hazzard, 26 Ill. 373; Tefft v. Asbaugh, 13 Ill. 602.

Where the evidence clearly fails to make out the plaintiff's case, it is error to refuse such an instruction:  G. T. R. R. Co. v. Nichol, 18 Mich. 170; Davis v. Detroit & Mil. R. R. Co. 20 Mich. 105; Bevans v. United States, 13 Wall. 56; Ins. Co. v. Baring, 20 Wall. 159; Greenleaf v. Birth, 9 Pet. 292; Hendrick v. Lindsay, 3 Otto, 143.

Upon the measure of damages:  Ill. Cent. R. R. Co. v. Baches, 55 Ill. 379; C. & R. I. R. R. Co. v. Morris, 26 Ill. 400; C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; Board of Trustees v. Misenheimer, 78 Ill. 22.

Instructions should be based on the evidence:  C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; C. & A. R. R. Co. v. Shannon, 43 Ill. 338.

Declarations of the deceased in regard to the accident were properly admitted:  1 Greenleaf's Ev. § 147; Nichols v. Webb, 8 Wheat. 326; Wharton on Ev. § 226; Jewell's Lessee, 1 How. 219; Bird v. Hueston, 10 Ohio St. 418; Gale v. Girver, 24 Me. 563; Nash v. Gibson, 16 Iowa, 305; Brush v. Blanchard, 19 Ill. 30.

Mr. Robert Hervey, for appellee; cited St. L. V. & T. H. R. R. Co. v. Dunn, 78 Ill. 197.

Pleasants, J.   On the 10th day of April, 1875, Mary Day, the decedent, was struck by a locomotive attached to appellant's train, at the crossing of its track on the north side of 63d Street in the village of Englewood, and died from the effect on the 26th day of August following.

The declaration in the first count alleged negligence in its management by the company's agents, generally; in the second, specifically, in the violation of an ordinance of the town

of Lake, in two particulars, viz. : in running at a rate of speed exceeding ten miles per hour, and in failing to have a flagman stationed at the crossing; and evidence was introduced tending to prove also the omission of all warning, by bell or whistle, of its approach.

It was admitted that there was no flagman at the crossing. In respect to the other particulars the testimony on the part of the plaintiff was strongly contradicted. Conceding, however, that it was sufficient to support a finding against the company, and thus to make a case of gross negligence (Chicago & Alton R. R. Co. v. Gregory, 58 Ill. 226; Same v. Becker, 84 Id. 485), yet inasmuch as it was not claimed to have been wanton or willful the question of its liability in this action would still remain, to be determined by the conduct of the deceased. If she also was guilty of negligence in the same or nearly the same degree it is settled that no recovery can be had. Ill. Cent. R. R. Co. v. Hammer, 85 Ill. 528; Same v. Hetherington, 83 Id. 510; Same v. Hall, 72 Id. 224; C. B. & Q. R. R. Co. v. Lee, 68 Id. 576.

She was in the seventeenth year of her age, a pupil of the Normal School, of unimpaired health and faculties, and above the average in attainments and intelligence. Residing with the family of appellee, on 63d Street, four blocks east of the crossing, which she daily passed and repassed on her way to school and back, she was familiar with the locality and with the running of the trains. The one in question was coming north, due at Englewood Station—some six or seven hundred feet north of the crossing—at 1.40 P. M., and about on time. It could be seen for two miles or more from the place of her residence, or any point between that and the station. Deceased did see it—precisely where, at first, does not appear—but several blocks away, at least. Having occasion to go to the city that afternoon she was intending to take it, but fearing she might be too late her purpose was to reach and pass the crossing first, so that the conductor, whose place would be on the further or platform side, might see her as he passed and hold it at the station until she could come up. Of her ability to accomplish it she was evidently in doubt as well as in hope; for

she ran to do it, and persisted in the race after her companion had given it over.

On a side track east of the main one were some box cars, extending south from a point near the south line of the street for the distance of a block or thereabouts. These would hide from her sight the body of the coming train during the short time they intervened; but the roar of its coming was easily heard, the tracks were depressed below the general surface so that the smoke stack of the engine was all the time visible, and the train itself was again in full view before she reached the side-track. She must then have known, from what she had before observed even if she did not at the moment see, that it was dangerously near, and yet it is probable that, looking only straight along her own path lest she should stumble upon the tracks she was to pass, she did not particularly note its distance or its speed. It was enough that she saw it had not reached the crossing, and being herself so near she still pressed on. When struck she had so far crossed that she fell quite outside and west of the track.

The foregoing statement condenses the testimony of all the witnesses who observed the occurrence, and the account which deceased herself gave of it to the surgeons in attendance upon her, and to others, is in entire harmony. Thus, according to Dr. Lovewell: "She said that she was endeavoring to make that train. It was on Saturday. She was going to the city. That was the last train in, as I believe, until along in the afternoon. She saw the train coming some little distance before it reached 63d street, and she was afraid she would not be in time reach it or the depot; so she ran to get upon the outer side of it that she might see the conductor, and didn't get quite far enough so but that the engine struck her." Dr. Bosworth's version is: "She said that she saw the train coming and she was running to get it, and to get on the outer side so as to see the conductor; that if she saw him he would wait for her at the depot; that she didn't succeed in getting the crossing, and was hit by the engine." Both of these gentlemen say that her conversations with them about it were frequent, consistent, and in substance as above set forth. Mrs. Hyde also testifies to

the same statement, and there is nothing in the evidence to contradict or vary it.

From this it appears that deceased did not, and we think we cannot, attribute the accident to the intervention of the box-cars, the absence of a flagman, the failure of warning, or ignorance on her part of any fact needful for her to know. She saw or might have seen the whole situation precisely as it was, and cannot be excused for the indulgence of a presumption or supposition palpably contrary to it. In this respect the case differs materially from that of· the St. L., Vandalia & Terre Haute R. R. Co. v. Dunn, 78 Ill. 197, on which alone the appellee relies for an affirmance of the judgment. The Supreme Court affirmed that, which was on the fifth trial, with a labored argument upon the circumstances—some undisputed, and others assumed as strongly for the deceased or against the company as the jury might have found them. They observe that the character of the crossing was recognized as extraordinarily dangerous, by the appointment of a flagman for it and the erection there of a house for him, and yet he was not at his post; that the bell was not rung nor the whistle blown; that it was at night, and all that the deceased could see, if he looked, was the head-light; that seeing this, but hearing no bell or whistle, he might not know that the train was in motion; that if he did, under all these circumstances he might presume, without great blame, that it was within the limit, as to speed, prescribed by law, and that upon that presumption there was no risk in his attempt to cross. If he was guilty of any negligence, that of the company, in disregarding all the requirements of the law at such a place and time, was so much greater as justly to charge it with responsibility for the consequences.

The time and place, and consequently the situation and conduct—the comparative negligence—of the parties respectively in the case at bar, seem to us to have been very different.

Ordinarily the person so injured or killed has gone upon the track in ignorance of the actual nearness of the train. If due to his failure to look, it has been deemed gross negligence and so far the cause of the injury as to prevent any recovery for it, upon the assumption that if he had seen it he would have

L. S. & M. S. R. R. Co. v. Sunderland.

avoided the injury by waiting without attempting to cross until it had passed. C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; Same v. Lee, 68 Id. 576; I. C. R. R. Co. v. Godfrey, 71 Id. 500; Same v. Hall, 72 Id. 224; C. B. & Q. R. R. Co. v. Damerell, 81 Id. 450, and numerous cases cited on p. 455; I. C. R. R. Co. v. Hetherington, 83 Id. 515; C. & A. R. R. Co. v. Becker, 84 Id. 485; C. R.-I. & P. R. R. Co. v. Bell, 70 Id. 106; L. S. & M. S. R'y Co. v. Miller, 25 Mich. 274.

This involves the proposition that when one knows a train to be approaching which may injure him if he attempts to cross the track before it, the slightest care for his own safety requires him to wait for it to pass. In this case the deceased actually saw it, and the event proved that it was too near for her utmost speed to escape. If she had barely succeeded, who that witnessed it could have refrained, while shuddering at the danger she had passed, from exclaiming upon her rashness? Would not her own father have upbraided her? The fact that she failed certainly does not lessen the rashness of the attempt, and while the sadness of her fate forbids all upbraiding, it is not to color the judicial view of her act. We think the law adjudges it gross negligence, and that for the unhappy result to which it so largely contributed no recovery can be had. C. B. & Q. R. R. Co. v. Lee; I. C. R. R. Co. v. Hetherington, and other cases *supra.*

The verdict for the appellee, plaintiff below, was for two thousand dollars. If the defendant was liable at all it would be only for the actual pecuniary damage suffered by the next of kin in the death of the deceased. C. & R.-I. R. R. Co. v. Morris, 26 Ill. 400; C. & N. W. R. R. Co. v. Swett, 45 Id. 197; I. C. R. R. Co. v. Baches, 55 Id. 389; C. & A. R. R. Co. v. Becker, 84 Id. 486.

She left, as next of kin, her parents and an older sister; was within eighteen months of her legal majority, and fitting herself for the profession of a teacher at the expense of her father, who resided in the State of Missouri. These are all the facts appearing in the record which are supposed to bear upon the question of damages; and they hardly furnish a substantial

basis for the amount found by the jury, or indeed for any other than a nominal amount.

The above views dispose of all the questions raised in the case. The verdict was against the law applicable to the facts clearly proved, and therefore ought to have been set aside. The judgment thereon must be reversed and the cause remanded.

Reversed and remanded.