## Israel Allen, Plff. in Err., *v.* Pennsylvania Railroad Company.

Where a person who is about to drive over a railroad crossing stops, looks, and listens at a point where he can obtain no adequate knowledge of the condition of the track, and then drives on without further attempt to advise himself of the true condition of affairs, and is run into and injured by a train, he cannot recover from the railroad company for the injuries sustained.

(Argued January 20, 1888. Decided February 6, 1888.)

January Term, 1888, No. 17, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas No. 3 of Philadelphia County to review a judgment of nonsuit in favor of the defendant in an action on the case. Affirmed.

Cited in Stanton v. Delaware & H. Canal Co. 1 Lack. Jur. 245.

NOTE.—For the right to recover where the plaintiff does not stop, look, and listen at the proper place, see note to Pennsylvania & N. Y. Canal & R. Co. v. Huff, 6 Sad. Rep. 60.

See also the following notes relating to the duty to stop, look, and listen: Notes to Fletcher v. Fitchburg R. Co. 3 L. R. A. 744; Rupard v. Chesapeake & O. R. Co. 7 L. R. A. 316; Becke v. Missouri P. R. Co. 9 L. R. A. 157; Spicer v. Chesapeake & O. R. Co. 11 L. R. A. 385.

For injuries by trains at crossings in general, see the review of authorities in the following editorial notes: Injury to bicyclist at crossing, note to Jones v. Williamsburg, 47 L. R. A. 301; at what railway crossings signals are required, note to Sanborn v. Detroit, B. C. & A. R. Co. 16 L. R. A. 119; for whose benefit signals by approaching trains are required by statute at railway crossings, note to Lonergan v. Illinois C. R. Co. 17 L. R. A. 254; giving the statutory signal as the measure of trainman's duty at highway crossing, note to New York, L. E. & W. R. Co. v. Leamon, 15 L. R. A. 426; liability for failure to give statutory signals when they would not have prevented the injury, note to Sowles v. Moore, 21 L. R. A. 723; negligence of railroad company in respect to flying switches or detached cars moving by their own momentum, note to Kentucky C. R. Co. v. Smith, 18 L. R. A. 63.

This action was brought by Israel Allen against the Pennsylvania Railroad Company, to recover damages for personal injuries alleged to have been caused by the negligence of the defendant company.

At the trial before GORDON, J., the following facts appeared:

October 31, 1885, the plaintiff, who was driving a two-horse wagon, in attempting to cross the defendant's tracks at Dorrance street in Bristol, Bucks county, Pennsylvania, was run down by an express train and severely injured. The plaintiff testified that he stopped at a point about 40 feet from the crossing, where he could see the railroad through an opening between houses and then drove slowly on. On this point he testified as follows:

*Q.* You stopped, in point of fact, near this dwelling, looking through that opening that you have described?

*A.* The only place that a man can see.

*Q.* About 40 or 50 feet from the crossing?

*A.* I don't think it was over 40.

*Q.* Then you started and went directly on without stopping?

*A.* I drove to the track, and I saw I was going to be caught and had no other salvation there.

*Q.* After you stopped where the new dwelling house was about being erected you started and went on? And as you got to the track No. 1 you increased your speed, and nearly got across?

*A.* I did not increase my speed until I saw I could get out of the way no other way. I didn't care to stop still and be run over.

*Q.* You did increase your speed, although you say you did it with the motive of getting out of the way?

*A.* Yes, sir.

*Q.* And the train was on the track which you first crossed?

*A.* Yes, sir. On the east-bound track.

At the Dorrance street crossing the railroad forms a curve. A building stood at the corner and hid the view down the railroad so that a person driving over the crossing could not see a train until he was about nine feet from the track. No whistle was blown, the blowing of whistles being forbidden by the town authorities. This was known to plaintiff. It was disputed

whether a bell was rung or not. The neighborhood was populous and there were several factories, the noises from which interfered with hearing. There were no gates or flagmen at the crossing. The speed of the train was about 45 miles an hour.

At the conclusion of the testimony the court awarded a compulsory nonsuit, delivering the following oral opinion:

He (the plaintiff) says that he did stop and look and could not see. The question therefore arises whether a man who stops at a point where he can see nothing that gives him information is justified in going on in ignorance, or whether he must do the utmost that he can do, and get out of his vehicle, if necessary, and go to some point where he can see. The evidence in your case is that at a point called a danger signal, 9 feet from the track, or thereabouts, the track was visible to the eye for about 1,000 feet. Indeed your witness, the plaintiff, says that when he saw the train it was over 100 yards away from him, 300 feet. We have thus the case of a man who looked and could not see the condition of the track, and knew because of intervening buildings that he could not see anything from this point of observation, and knew that he was approaching a place of danger, but nevertheless drove on, and when he afterwards saw that the train was within 300 feet of him, attempted to drive on further, when the accident happened.

I think, therefore, under all the circumstances, he did not perform the duty that the law required of him. He did not stop, look, and listen, because he stopped at a place where he could not see, where he knew he could not see; whatever observation he made convinced him he was not in the possession of the facts, but, nevertheless, in ignorance drove on and made no further attempt to advise himself of what the condition of affairs was.

Under all the circumstances, therefore, he has not complied with the rule which the supreme court has laid down to be the rule incumbent upon every man crossing a dangerous locality, which has also held that the crossing of a road by a railroad in any locality is a place of danger, and that where a traveler knows it, it is his duty to exhaust every precaution to ascertain whether he can cross in safety. I do not think you are entitled to go to the jury, for the reasons I have stated.

The assignments of error specified the action of the court in ·entering a compulsory nonsuit.

*Geo. H. Van Zandt,* for plaintiff in error.—It has been held that with or without the enforcement of statute law the speed ·of a railway train must be checked in populous neighborhoods and especially at grade crossings.   Philadelphia & R. R. Co. v. Long, 75 Pa. 257, 265; Wharton, Neg. p. 803; Reeves v. Delaware, L. & W. R. Co. 30 Pa. 454, 72 Am. Dec. 713; Pennsylvania R. Co. v. Lewis, 79 Pa. '33; Philadelphia & R. R. Co. v. ·Carr, 11 W. N. C. 549; Lehigh Valley R. Co. v. Brandtmaier, 113 Pa. 610, 6 Atl. 238.

The learned judge erred in holding that the plaintiff should have got out of his wagon if necessary, and gone to some point where he could have seen; for this, I submit, is not and never has been the law of Pennsylvania.   The plaintiff and defend-·ant had equal rights at the crossing; and the plaintiff as driver ·of the wagon was no more bound to have got out and hitched his horses and run to the railroad to see if a train were coming, than the engineer and conductor were bound to stop the locomotive and dismount and go to the crossing to see if a team were coming.   Corporations, no matter how great the franchise they may hold from the state, have no such autocratic power as this. Pennsylvania R. Co. v. Beale, 73 Pa. 504, 13 Am. Rep. 753; Pennsylvania R. Co. v. Ackerman, 74 Pa. 265; Mackay v. New York C. R. Co. 35 N. Y. 75; Richardson v. New York C. R. ·Co. 45 N. Y. 846.

The learned judge erred in nonsuiting the plaintiff, on the ground that the plaintiff drove on when his horses' feet were ·over the first rail, when the plaintiff standing up in his wagon would be 9 feet from the track, and should therefore have seen the cars.   The truth was, the judge predicated all his ruling on the ground that the crossing was a right-angle crossing, when it is an acute angle—and did not seem able to disabuse his mind of that idea.

The law of Pennsylvania has been since Pennsylvania R. Co. v. Werner, 89 Pa. 59, that if a man, about to cross a railroad, has got himself, without negligence, in a place of danger by the prior negligence of the railroad, he is not responsible if he make a mistake of judgment in getting out.

*David W. Sellers,* for defendant in error.—The speed of the train is not a relevant question in this case. Reeves v. Delaware, L. & W. R. Co. 30 Pa. 454, 72 Am. Dec. 713, is no longer law that a rate of speed is *per se* negligent. Reading & C. R. Co. v. Ritchie, 102 Pa. 425.

The negligence which contributed to the injury was that of the plaintiff, appearing on his own evidence. Gerety v. Philadelphia, W. & B. R. Co. 81 Pa. 277.

PER CURIAM:

Judgment affirmed.