Opinion adopted May 1, 1888.

---

## No. 5805.

### INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY *v.* FREDERICKE KUEHN ET AL.

1. PRACTICE—TRIAL BY JURY—NEGLIGENCE.—When in a suit to recover damages for the killing of another, alleged to have been done by the negligent conduct of defendant, the circumstances attending the killing are such that a jury may deduce the conclusion that the deceased was not himself guilty of contributory negligence, and the verdict is for the plaintiff. the Supreme Court will on appeal rarely set the verdict aside. The amount of testimony requisite to show the absence of contributory negligence is for the jury, and their finding will generally be deemed conclusive.

2. NEGLIGENCE.—The duty of one in charge of a passing railway train to stop its progress on account of the proximity to the track of one in advance of his train, does not arise until it becomes manifest that such person intends to go upon the track in front of the train.

3. CHARGE OF COURT.—When a charge given by the court presents a hypothesis not authorized by any fact shown by the record, and which from its nature as presented may have influenced the verdict, and the error is pointed out and excepted to at the time, it is error for which the judgment may be reversed. The fact that the trial judge in overruling the exception states his opinion that there was evidence to authorize the charge is immaterial when the record does not show such evidence.

4. PLEA IN BAR.—In a suit by the widow and children of one alleged to have been killed by the negligence of a railway company, the fact that the deceased had instituted suit for damages resulting from the negligence, before his death. is no bar to the action. Nor does the fact of the subsequent marriage of the surviving wife affect her right of action.

5. A STEP-FATHER may represent his wife's minor children, as next friend, in a suit for damages for causing the death of their father.

6. LEASE OF RAILWAY.—The lease of a railway does not relieve lessor from liability. (68 Texas, 59, Railway v. Morris.)

7. NEGLIGENCE—CHARGE OF COURT.—The neglect by a railway company of a statutory duty, whereby injury results to another, is negligence as matter of law, and it is proper that a court should so charge; but it is improper to charge upon the effect of isolated facts in evidence as constituting negligence or not. Concerning these the jury determine from a consideration of all the surroundings circumstances in evidence before them.

APPEAL from Comal. Tried below before the Hon. Thomas M. Paschal.

On the twenty-seventh day of February, 1883, Julius Kuehn was traveling along the public highway, riding in a wagon and going to his home. At the railroad track north of the Gaudalupe river, a north bound passenger train collided with his wagon and injured Kuehn severely in the head. Kuehn brought suit in the district court of Bexar county for damages on account of the personal injuries received, and also for the value of his wagon and horses. This suit was dismissed by the plaintiff at his own cost on the third day of October, 1883, and on the twenty-seventh day of February, 1884, a new suit, similar to the first, was brought in the district court of Comal county, by other attorneys. In March, 1884, Julius Kuehn died at his home in Comal county, and on the twenty-fifth

day of April, 1884, his widow, Fredericke Kuehn, for herself and minor children, brought suit against the International & Great Northern railroad company for damages on account of the injuries resulting in the death of the husband, claiming thirty thousand dollars ($30,000) therefor. These two suits were afterward consolidated.

On the fourth day of September, 1884, Fredericke Kuehn was married to Otto Nolte, and on the eighth day of December, 1885, the plaintiffs filed a second amended original petition, in lieu of the original petitions already filed and amended petitions made thereto. In this last pleading she was joined *pro forma* by her husband, Otto Nolte, and Willie Kuehn and Herman Kuehn sued by their guardian and next friend, Otto Nolte.

In view of the opinion the facts need not be given, since it contains all necessary to its being understood.

A trial was had and the jury returned the following verdict: "We, the jury, find verdict against the defendant and for the plaintiffs, the widow Fredericke Kuehn, now Fredericke Nolte, and the two children, Willie and Herman Kuehn, of Julius Kuehn, deceased, and assess the damage in each case as follows: To the widow Kuehn, now Fredericke Nolte, the sum of fifteen hundred dollars ($1,500); to Willie Kuehn, son of deceased Julius Kuehn, the sum of two thousand five hundred dollars ($2,500); to Herman Kuehn, son of Julius Kuehn, the sum of two thousand five hundred dollars ($2,500)."

*J. D. Guinn* and *J. H. McLeary,* for appellant: What acts or omissions constitute negligence is a matter of fact for the jury, and not a question of law for the court, and the court should not have charged the jury that any acts or omissions constituted "negligence per se." (Railway Co. v. Wright, 62 Texas, 517, 518; Railway Co. v. Chapman, 57 Texas, 82; Railroad Co. v. Miller, 51 Texas, 275, 276; Railway Co. v. Murphy, 46 Texas, 366; Railroad Co. v. Hart, 19 Am. and Eng. R. R. Cases, 522; Railway v. Smith, 59 Texas, 407.)

*Burges & Dibrell* and *W. R. Neal,* for appellees: A traveler on a highway is not required to leave his wagon, or to use any other unusual means to discover approaching trains, and in approaching a railway crossing has the right to expect that the

railway company will give such signals as prudence and the law require, and if, relying on this, he attempts to cross the track, without knowledge or means of knowledge of the approach of a train, and is injured by reason of the failure of the employes of the railway company to perform a duty prescribed by law, then he is entitled to recover. (Railroad Co. v. Graves, 59 Texas, 332; Railroad Co. v. Weisen, 6 Texas Law Review, 155; Railroad Co. v. Smith, 62 Texas, 252; Railroad Co. v. Murray, 62 Ill., 326; Pierce on Railroads, 346.)

WALKER, ASSOCIATE JUSTICE. The widow and the two minor children of Julius Kuehn sued the appellant and obtained judgment for negligently killing the said Julius.

It is elementary, and recognized in the many decisions of this court in like cases, that, to recover in such case, it devolves upon the plaintiffs to show that the death was caused by the defendant; that in the collision causing the death the deceased was using proper care—that is, that he was not himself guilty of negligence directly contributing to the collision; and that the defendant company was guilty of negligence or want of the proper care called for under the circumstances.

Regarding the testimony as sufficient in this case to show want of care, or negligence, on the part of the defendant, it remains to determine whether the deceased so acted in the matter as to allow the plaintiffs to recover for the negligence of the defendant. It is a natural presumption that a man in his right mind will not voluntarily and without motive encounter a threatening danger. Where the attendant circumstances show facts from which a jury may deduce the conclusion of want of negligence on the part of the deceased, this court will accord to the verdict a conclusive effect. The amount of testimony is for the jury, and if exercising their judgment upon facts in evidence, their action will rarely be set aside.

In this case the testimony shows that deceased was going home from the town of New Braunfels, near which he lived, by an old and much traveled public road with which he was well acquainted. The track of the defendant's railroad crossed the road he was traveling nearly at right angles. The track at the crossing, and for several hundred yards west of it, was upon an embankment variously estimated at from three to seven feet above the level. That to the right of deceased, and for a distance of three hundred yards from the crossing upon

the railroad track, there was an unobstructed view from the road on which he was traveling. Some hackberry trees grew along a fence north of the track and outside of the right of way, but these, being bare of leaves, made no material obstruction to the sight. The testimony is conflicting whether the bell was rung or the whistle sounded at the approach of of the train to the crossing, but it is in evidence that deceased had stated to witness Smith that "he saw the train when it was about forty steps off, and thought he could drive across it before it would reach him, and whipped up his horses for that purpose." To witness Hortman he stated that "he had seen the train while he was stopping in the lane." Witness Bruestedt, for the plaintiff, had testified to meeting the deceased in the lane about fifty steps from the track, at which point, it seems, some halt was made by the deceased. The train was provided with Westinghouse automatic air brakes, the best known to the witnesses. The engineer testified that he "could not have stopped sooner than he did after seeing the intention of the deceased to cross the track." The duty to halt on the part of those managing the train did not arise until it became manifest to them that the deceased was intending to go upon the track in front of the train.

In the charge of the court was the following clause: " It is negligence in a railroad company to permit or suffer brush or tall weeds to grow upon its right of way so as to materially obstruct the view of approaching trains by persons about to cross its track; and if the jury believe from the evidence that the defendant permitted and suffered brush and tall weeds, as alleged in plaintiff's petition, to grow upon its right of way so as to materially obstruct the view of approaching trains by persons about to cross the railroad on the crossing in question, and that but for such obstructions the injury would not have happened, then the defendant is liable in this case, unless you believe from the evidence that the deceased's own negligence directly contributed to the injury." After a careful study of the statement of facts, we find no testimony authorizing this issue. The defendant asked a charge correcting the error, and saved the exception. The trial judge, in refusing the correction, remarks that, in his opinion, there was some such testimony. It may be that the statement of facts omitted it, but we are governed by the record as before us. It is shown that the hackberry trees spoken of by the witnesses grew some ten

to twenty feet outside of the right of way; that at the time, twenty-seventh of February, the trees were bare of leaves, and in fact were no obstruction. It was shown that the deceased was under the influence of liquor, and in approaching the crossing acted in a reckless manner. Besides this, his actual knowledge of the presence of the approaching train rendered all questions as to means of knowledge of it of no importance. To give the charge set out above was error, and the verdict was against the testimony upon the issue of contributory negligence. We can but hold that the testimony negatives proper care and shows culpable negligence on part of deceased, without which he would not have been injured.

We can notice but few of the many other assignments of error. The petition was good. That deceased had instituted suit for damages, which suit was pending at his death is no bar to the action of the plaintiffs. That pending the suit the widow married again does not preclude her right of action. The fact doubtless affected the verdict, as it gave her less damages than were given to each of the children. That the husband of the mother acted as next friend of the minor children was not error. He was not interested in the suit by them.

Since this appeal was taken this court has held in 68 Texas, 59, Railway v. Morris & Crawford, that the defendant is not released from his liability by its lease of the road to another company.

The charge of the court is exceptionally full and fair to both parties, with the exception of the paragraph above given. The court properly charged that the neglect of statutory duties was negligence as matter of law. Having given a clear exposition of the law applicable to the facts, it was his duty to refuse charges asked upon the subjects covered by the general charge. The defendant does not have the right to have the court charge upon the effect of isolated facts as negligence or not. The jury determine upon the circumstances of the situation, when not a matter of law, the fact of negligence under the charge as to the duty or degree of care imposed upon the parties arising from the entire facts, and upon exercising their judgment upon them.

For the error above stated, the judgment below is reversed and the cause remanded.

*Reversed and remanded.*