HARRY ROYSTER v. SOUTHERN RAILWAY COMPANY et al.

(Filed 15 April, 1908).

1. Railroads—Negligence—Contributory Negligence—General Rule—Recovery Barred.

As a general rule, a person who enters on a railway track in front of a train he knows to be approaching is guilty of such negligence as will bar recovery for injury he may thereby have sustained, though the agents and employees of the road may have been negligent as to signals or other warnings to indicate the approach of the train.

2. Same.

The contributory negligence of the plaintiff will bar recovery in a suit against a railroad company when, under his own evidence, it appears that he was not an employee of the company, and in assuming to act for an employee attempted at night to signal a train he knew to be approaching by placing a lighted lantern on

the track; that he went to a place of safety, then back upon the
track, without first looking or listening for the train, and was in-
jured, though the employees of the company on the engine may
not have blown the whistle, rung the bell or have had the head-
light of the locomotive lighted. In such instances a judgment as
of nonsuit upon the evidence was properly allowed.

ACTION tried before *Webb, J.,* and a jury, at February
Term, 1908, of GRANVILLE, for personal injury received by
being struck by defendant's train on its track at Bullock, a
flag station of defendant company.

At the conclusion of the evidence the court sustained the
motion of defendant to nonsuit the plaintiff upon the ground
that upon his own evidence he was guilty of such contributory
negligence as barred recovery. The plaintiff excepted and
appealed.

*B. S. Royster* and *Winston & Bryant* for plaintiff.
*F. H. Busbee & Son* for defendant.

BROWN, J. This is one of those hard cases which have
been called the "quicksands of the law." A worthy man is
injured in endeavoring to assist another, and yet under his
own version of the facts we feel compelled by a long line of
precedents to sustain the Judge of the Superior Court in hold-
ing that he is barred from recovery upon well-settled princi-
ples of the doctrine of contributory negligence. The plaintiff
testifies in substance that he lived at Bullock and that his
occupation was that of fixing a boiler at night, and that he is
not in defendant's employment; that on the night of 23 Janu-
ary, 1907, he undertook to flag defendant's mixed freight and
passenger train for one Davis; that he placed a lantern near
the center of the track, the usual method used in flagging
trains; that it was customary for the engineer of the approach-
ing train to answer the signal by two short blows of the whistle
and to ring the bell. After placing the lantern plaintiff re-
turned to his work. He soon heard the train coming, some
four hundred yards distant, running forty or fifty miles an

hour.    It was pulling up a grade when he heard it.    Plaintiff started for his lantern.    He says he looked up the track for the train when about twelve feet from the lantern.    After that he stepped behind a box car on a siding so as to place the car between himself and the approaching train.    "I stepped on the track just as the train was coming from behind the box car.    I heard no station blow; saw no reflection.    If the train had a headlight I did not see it.    The top of the grade was about four hundred yards from where I was, near the whistle post.    The down grade was heavy from that point to beyond my place."    Plaintiff further says: "I heard the train coming and I knew it was coming when I went on the track.    It was a great deal nearer than I thought.    I heard no blow of the whistle and no bell rung, and that was what fooled me.    When I first heard the train I thought it was coming up grade.    From the whistle post to the depot is down grade.    I knew all about the surroundings about the station and about the place.    I kind o' trotted about four or five yards when I first left my boiler to where I could see the train.    I saw no train when I quit trotting.    I then went four or five steps and got behind the car, and then went to get my lantern and got hit.    I did not see the train.    I saw no light in the fire box.    The curve began about fifty yards from my lamp, I think.    The curve is on the same side as my boiler house, looking down the track towards Oxford.    I went to the hotel in Clarksville and was afterwards taken home.    Just as I stepped on the track the engine hit me.    It was about one hundred yards from where I and Mr. Davis were to where the curve began.    The lantern was down the track towards Clarksville from me.    It was about twenty yards from my shed to the lantern.    There were two box cars and a flat car on the siding.    The flat car was towards Oxford and the box car was the last car I went around as I went to get the lantern.    I could not see up the track in the direction from which the train was coming when I went around the car to get my lantern.    I thought I would

get my lantern and wave it a time or two and have them stop. Sometimes the engineer would see my lantern on the track and sometimes I would get it off, and if the train had blown I would not wave my lantern. I saw no reflection of the headlight that night." The plaintiff further testified that "the headlight, if the train had one, would have thrown the light on my shed. I saw no reflection that night. The headlight would throw its beams 100 or 150 yards. I saw no headlight on the engine." These are the salient facts as given by the plaintiff himself. The doctrine of contributory negligence is founded upon the theory that negligence upon the part of some one sought to be charged with its consequences has been proven, and is based upon the general principle as stated by *Mr. Justice Nelson:* "A man is not at liberty to cast himself upon an obstruction which has been made by the fault of another and avail himself of it if he does not use common and ordinary caution to avoid it. One person being in fault will not dispense with another's using ordinary care for himself." *Williams v. Barret,* 13 How. (U. S.), 109; *Moore v. Railroad,* 24 N. J., 283.

The courts have universally held that persons, before entering upon a railway track, must look and listen for approaching trains, and that a recovery cannot be had for an injury resulting from the lack of this common precaution. *Cooper v. Railroad,* 140 N. C., 213, and cases cited. Upon the same principle it is held that trying to cross the track when a train is known to be due and when the slightest delay in getting across would probably be fatal is negligence and bars recovery. Beach on Cont. Neg., 280, sec. 188; *Mantel v. Railroad,* 33 Minn., 62; *Rhoades v. Railway,* 58 Mich., 263; *Griffen v. Railway,* 40 N. Y., 34. And if, with an approaching train in view, a person undertakes to cross the track in advance of the train, he cannot recover for injury sustained. *Pharr v. Railroad,* 133 N. C., 610; Beach, *supra; State v. Railroad,* 76 Me., 357; *Allen v. Pennsylvania Railroad,* 12 Atl. Rep., 493;

*Railroad v. Kuehn,* 70 Tex., 582; *Rigler v. Railroad,* 94 N. C., 610.   So it has been held that, where a person is apprised of an approaching train by its noise and ventures upon the track from miscalculation of his danger, the error is his and defendant is not answerable for his mistake.   *Railroad v. Hunter,* 33 Ind., 335, and cases cited.   The failure to sound bell or whistle will not render the defendant liable to a person who actually knows the train is approaching.   *Railroad v. Sunderland,* 2 Ill. App., 307.   Nor does the fact that a train is running unusually fast make any difference if the injured party knew it was approaching.   *Pepper v. Railroad,* 105 Cal., 389; *Kelly v. Railroad,* 75 Mo., 138.   The Supreme Court of Indiana declares that a person who voluntarily attempts to go upon a railroad track in front of a train he knows to be approaching cannot recover for injury, although the railroad company is "culpably negligent" in the management of the train.   131 Ind., 261.   The books are full of such cases and it is useless to multiply citations.

Assuming as we do that there was no headlight, no bell rung, no whistle blown, that the defendant was derelict in all these, and further that the plaintiff was not a trespasser on the track, how stands his case?   Is there anything in it to except it from the universal rule that a person who enters on a railway track in front of a train he knows to be approaching is guilty of such negligence that he cannot recover for injury sustained?

There are instances where the negligence of one is the proximate cause of an injury to another who is himself negligent, but that cannot be so in a case like this, where every negligent omission of duty complained of was well calculated to put the plaintiff on his guard and to warn him to keep off the track.

This case differs from all the cases cited by plaintiff in the fact that the plaintiff knew the train was rapidly approaching when he stepped on the track.   Before he left his shed he heard the exhaust of the engine as it pulled up the stiff grade,

the top of which was only about four hundred yards from where plaintiff was hurt. As he left the shed and walked twenty yards towards the track to get the lantern he knew the train had passed the top of the grade and was rapidly speeding down grade, for he says he could hear the noise of the engine and train no longer. The steam was evidently shut off and the exhaust had stopped. He knew the engineer had not discovered the lantern on the track, for he says the engineer always blew when he saw it, and the engineer had not blown. He knew what a short distance the train had to run to reach the lantern, and he knew it was coming in the dark, although he could see no headlight and could hear no bell. Plaintiff looked up the track before he reached the siding, and, seeing and hearing nothing, although he knew positively that the train was rapidly approaching, he passed the siding, went around the box cars thereon and unfortunately, *without again looking,* he stepped on the track and was hit by the engine.

Common prudence demanded that he should look again after he crossed the siding and passed around the box cars before he went on the main track in front of a train he knew was rapidly approaching. In fact, under all the circumstances and conditions as he says he knew them, he should not then have ventured on the main track at all. Had he looked after passing around the box cars he doubtless would not have done so and would have escaped injury. It is evident from his testimony that the plaintiff knew his signal had not been discovered and that he was making a most imprudent effort to get the lantern so as to wave it and stop the train for Davis. Under all the authorities we are of opinion that the judgment of the Superior Court should be

Affirmed.