CHAMPION *v.* RAILROAD.

ROSA CHAMPION, Administratrix of Sandy Champion, v. SEA-
BOARD AIR LINE RAILWAY et als.

(Filed 27 October, 1909.)

### 1. Railroads—Lights and Signals—Negligence.

When it is alleged and proven to the jury under conflicting
evidence, that plaintiff's intestate was run over and killed by
defendant's work train, without lights or signals, when he was
endeavoring to go over the railroad at a public crossing, the
defendant is liable in damages for its negligent act, in the ab-
sence of evidence of contributory negligence of plaintiff.

### 2. Same—Contributory Negligence—Nonsuit.

In an action to recover damages from a railroad company for
the alleged negligent killing of plaintiff's intestate by running a
train, without lights or signals, over him at a public crossing at
night, the contributory negligence of intestate will bar recovery
when it appears that he both saw and heard the engine coming
and attempted to run across the track in front of it, and thus
received the fatal injury.

APPEAL from *O. H. Allen, J.,* March Term, 1909, of EDGE-
COMBE.

Civil action, to recover damages for the alleged negligent kill-
ing of Sandy Champion by defendant's train, after dark.

At the conclusion of the evidence a motion to nonsuit was sus-
tained. From the ruling and judgment of the court the plaintiff
appealed.

The facts are stated in the opinion of the Court.

*G. M. T. Fountain* and *R. T. Fountain* for plaintiff.
*Murray Allen* for defendant.

BROWN, J. The allegations of the complaint, as well as the
theory of the evidence advanced by plaintiff, are that the intes-
tate was run over and killed at a public crossing near the station
of Wise, in Warren County, N. C., by a work train, while the
intestate was endeavoring to cross the track at the crossing; that
the work train was composed of several flat cars, pushed by the
engine; that there was no light on the end of the front car or on
the engine, and that no signals were given for the crossing.

If these facts are true, as contended, they constitute negli-
gence; and if the intestate was killed by such a train, under such
circumstances, without being guilty of contributory negligence
himself, the defendant would be liable. *Gerringer v. Railroad,*
146 N. C., 32; *Purnell v. Railroad,* 122 N. C., 832.

The theory and contention of defendant is that, according to
the testimony of Sam Baskerville, who testifies he was with
deceased at the time he was killed, Sandy Champion was killed

by an engine pulling a train and not pushing it, and that they both saw and heard the engine coming and attempted to run across the track in front of it, and that Sandy got caught by the engine and killed.

If these facts be true, they constitute such contributory negligence as will bar a recovery. *Royster v. Railroad,* 147 N. C., 347; *Cooper v. Railroad,* 140 N. C., 213; *Strickland v. Railroad,* 150 N. C., 4.

Upon a careful examination of the evidence, we think his Honor should have submitted the issue of negligence and contributory negligence to the jury, with proper instructions.

New trial.