CORNELIUS MITCHELL v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 29 September, 1910.)

1. Railroads — Contributory Negligence — "Look and Listen" — Evidence.

It appearing that plaintiff's intestate, deaf and dumb, endeavored to rush across defendant's track in front of a rapidly approaching train and was killed, and that the approach of the train could readily have been seen by him when within eleven feet of the track, his contributory negligence bars his recovery.

2. Contributory Negligence—Evidence—Plaintiff's Proof — Nonsuit.

Contributory negligence is a matter of defense, but a motion as of nonsuit upon the evidence should be allowed when plaintiff's own proof establishes this defense.

APPEAL from *Cooke, J.,* at the January Term, 1910, of FRANKLIN.

Civil action to recover damages for personal injury. Defendant moved to nonsuit; overruled; exception. There was a verdict for plaintiff and from judgment rendered defendant appealed.

The facts are sufficiently stated in the opinion.

*Spruill & Holden* for plaintiff.
*Murray Allen* for defendant.

BROWN, J. All the evidence tends to prove that plaintiff, a deaf and dumb negro man, was struck by fast passenger train sixty-six while crossing defendant's tracks at Youngsville; that plaintiff spends much of his time around defendant's station there, and is familiar with train schedules. The evidence is plain to the effect that plaintiff stepped from behind a box car and started across track in front of a fast coming train without looking, or if he did look he did not heed the approach of the train and endeavored to rush across in front of it. There was eleven feet space between the box car and the main line track, and a mere glance of the eye along the track would have discovered the train.

To enter on a track and attempt to cross it under such circumstances is such contributory negligence as bars recovery.

This has been decided so often that it should be considered as settled. *Cooper v. R. R.,* 140 N. C., 209; *Royster v. R. R.,* 147 N. C., 350; *Daily v. R. R.,* 106 N. C., 301; *Beach v. R. R.,* 148 N. C., 153; *Allen v. R. R.,* 141 N. C., 340; *Champion v. R. R.,* 151 N. C., 197.

It is also equally well settled that while contributory negligence is a matter of defense, it is proper to nonsuit plaintiff upon his own evidence when the proof of such defense is thereby fully made out. *Strickland v. R. R.,* 150 N. C., 4; *Baker v. R. R.,* 150 N. C., 562.

The motion to nonsuit is allowed.

Reversed.