# 7846

D. Rau & Son.

-vs-

Mrs. Isabel Smith.

No. 7 8 4 6 .

Court of Appeal,

Parish of Orleans.

—————————————

—————————————

By Dinkelspiel, J.

By Dinkelspiel, J.

Plaintiffs institute this suit under a written Contract
of Sale of furniture signed by both plaintiffs and defend
ant. The amount in question is $455.00; $250.00. of which
is for a bed room set; $200.00. for another set and $5.00.
each, for three kitchen tables.

Alleges further, that this furniture was purchased by
defendant from plaintiffs, and was, and is stored in their
furniture establishment in the City of New Orleans, and
on which furniture there were paid to plaintiffs by def-
endant the sum of $75.00. cash at the time of sale, and
there were to have been payments subsequently at different
intervals of $45.00. until the entire amount of balance
was paid.

That since the payment of the $75.00. in question,
made at the time of the purchase, there has been nothing p
paid.; that the furniture in question is held by plainti-
ffs, at their store, on which they claim a vendors lein
and privelege together with interest thereon for the
several amounts past due.

Defendant, whilst admitting her signature to a check
of $75.00. paid to plaintiffs, denies that she ever went
into their store, but asserts that she believed she was
going into the establishment of Barnett which adjoins
the one of plaintiffs.

Defendant, further more alleges, that she, under this
belief, in payment of the $75.00., signed a check which
at that time she did not know that the check was made
payable to the order of plaintiffs; that she did not see
the check when she signed it, and would not have signed
it had she had known that she was not dealing with the
firm of Barnett.

The last and final contention of defendant is, that on
inspection of the goods, the furniture in question, they
were not the same character of goods which she had
-2-

535

agreed to purchase; that they were all of an inferior qual
-ity, not as represented , and she prayed for judgment
for the return of the $75.00.. in reconvention, and that
plaintiffs suit be dismissed at their costs.

A careful examination of the testimony in this case
convinces us,; that if she did not know she was dealing with
plaintiffs firm there were many evidence of that fact
before her; large signs were in front of the place, giving
the names and the business giving the names and the bus-
iness in which plaintiffs dealt; those signs being dis-
tributed also in large print on the various floors of the
establishment; the check which she gave for the $75.00.
and which she signed for that amount; the contract of sale
which was signed by both plaintiffs and defendant all
denote that if she did not know she ought to have known
what she was doing and with whom she was dealing.
As to the character of furniture which she purchased,
the evidence satisfies us, that this furniture originally
was in the lower part , on the second floor, of plaintiffs
establishment, there exhibited to her. She had every
means of recognition, and at her request, stating that
she wanted this furniture on the next day, after completing
the transaction above referred to, plaintiffs with their
men employees of the establishment removed the furniture
from where she had seen it when she bought it, to the
fifth floor which is used for packing purposes, in order
to deliver it to defendant the next day at her residence
which is described in the bill of sale.

Now, it is evidence to our minds, that her various
attempts both in i in the Criminal Courts and in the
First City Court, in a civil proceeding, and on appeal
from the decision of the latter Court to this Court,
reversing the judgment of the Fisrt City Court, deter-
maining the issues the issues there involved which was

a question of the return to her of the $75.00. which had been paid on account, and which was decided by His Honor Judge St. Paul, presiding Judge of this Court, against her contention and which judgment became final, and finally this suit which now involves both a dismissal of plaintiffs action together with the return of the #75.00. as ordered by His Honor, the Judge of the District Court.

We are satisfied without quoting, which is entirely unnecessary and would serve no usefull purpose, all the testimony in this suit; that no unfair advantage was taken of the defendant by these plaintiffs; she was treated as all other customers doubtless are; she bought and they were ready to deliver at anytime the goods which she had bought; her entire efforts were directed to the return of the $75.00. which she had paid to plaintiffs on this very transaction, and her evidence that she was not tendered the exact furniture that she bought does not meet the requirements of the law in that she had to make that part of her claim certain, and she has failed utterly to do so.

The only law applicable to a case of this kind is found in Civil Code under Articles 2456- 2467- 2468- 2469- and finally Article 2487, and all of these articles combined are to the effect, that the seller is not bound to make a delivery of the thing, if the buyer does not pay the price and the seller has not granted him any term for the payment.

The vendors privelege for the balance due being the sum of $380.00. has not been paid, and they have kept this furniture in tact ready for delivery from the time of the purchase until the present time and they are entitlled to the relief prayed for.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be reversed, and that plaintiffs have judgment for the full amount claimed,

the sum of $380.00, together with legal interest from 10th. December, 1919, until paid and with recognition of vendors lein and privelege on the property sold and that the reconventional demand be rejected. Defendant to pay costs of both Courts.

( Judgment Reveredd and Rendered. )

July 16th, 1920.

On Application For Rehearing.

The defendant charges that there was error in the judgment herein for three reasons:

Io Because the judgment of this Court included a sum of $110 claimed in a supplemental petition, to which she had filed no answer and upon which no default had been taken. She relies upon C. P. 359, 421, 606 & 4 and 14 A., 574; 21 A., 461; 25 A., 166, and other authorities.

*a* — These authorities apply in all cases where the supplemental petition prays for a relief not included in the original petition, or where the defendant has a right to answer before the new issues raised in the supplemental petition can be considered, which is not the case here.

The plaintiff sued for a balance claimed to be due by defendant for the price of furniture, payable in monthly installments, or $270, were due at the date of the filing of the suit, and three installments, or $110, became due at the time of the filing of the supplemental petition and before the trial of the case.

The bill sued on is as follows:

| | | |
|---|---|---|
| 1 | C. W. Bed Room Set | $ 250.00 |
| 1 | Am. W. Bed Room Set | 200.00 |
| 3 | Kitchen Tables | 5.00 |
| | | $455.00 |
| | Subject to a credit of | 75.00 |
| | | $380.00 |

The original petition sets forth these facts and prayed for judgment for the matured installments, amounting to $270.00, "with reservation of the right to claim the further sum of $110.00 when the same shall mature", and the petition concluded with a prayer "for all costs and for general and equitable relief".

There was no necessity for filing the supplemental

petition; according to the original petition alone, plaintiff was entitled to a judgment for the remaining three installments which had matured pending the suit and prior to the trial of the case, under and by virtue of the pleadings and evidence and his prayer for general relief.

Under the prayer for general relief the Court may render such judgment as could be given in a new suit to avoid circuity of action, and for everything justified by the original petition and evidence. 1 H. D., 734 (4) Nos. 5, 13; 106 La., 58; 125 La., 595; 144 La., 216.

"There was no necessity for the filing of the amended petition, as plaintiff would have had the right to have offered the claims therein contained against those in the amended answer, without any amended petition whatever. x x x Defendant afterwards moved for a continuance on the grounds, that he was entitled to service of the supplemental petition, and was surprised by its averments. As it was unnecessary to have filed the amended petition the service thereof was not requisite", 13 A., 412. See also 9 A., 483; 14 La., 418; 7 N. S., 646; 3 M., 403.

"Where the original petition would sustain evidence, to introduce which an amended petition is filed, the cause maybe assigned immediately for trial without answer to the amendment or time given to defendant". 6 A., 531.

In this case, as it was unnecessary to file an amended petition to pray for the relief therein demanded, and as that relief could be granted under the allegations of the original petition and the prayer for general relief, the supplemental petition can be ignored, and the defendant cannot claim the right of service thereof and citation, nor can she allege as error that she had not answered it, and that no default upon it had been taken.

But the defendant went to trial without raising the objection now made. In Bataille vs O'Neil, 3 A., 229 the

Court said: When the defendant goes to trial without object-
ing that no default had been taken or issue joined on the sup-
plemental petition, the substance of the demand not being
changed by the supplemental petition, and there was no surprise,
and the defendant had a fair opportunity to make his defense,
it will be presumed that he waived a mere informality which did
him no injury.

Defendant who goes to trial cannot afterwards object
that no issue has been joined. Barriere vs Mc Bean, 12 A.,
493; 13 A., 455; 14 A., 925.

*c* — Nor was this point raised on the argument of the case
in this Court.

> "A rehearing will not be allowed on a point not
> made in the argument, nor noticed in the points filed".
> 1 H. D., 107; No. 5, 8, 9, 12, 15; 47 A., 1470; 111 La.,
> 979.

*d* — Nor is it necessary that a default be taken on a sup-
plemental petition to make a tacit issue. In the case of Estlin
vs Ryder, 20 A., 251, the Court said:

> "Issue being joined in this case and the amendment
> being properly allowed thereafter, there was no necessity
> for a default to make a tacit issue. x x x The right
> to answer to an amendment does not necessarily imply
> the duty on the part of the party amending to make a
> tacit issue if the right is not exercised".

*e* — But it is not in all cases that the supplemental peti-
tion and citation must be served, or that the defendant may claim
the right to answer it. 3 M., 398; 12 R., 138; 7 N. S., 647;
7 La., 188; 6 A., 531; 9 A., 483.

**II.** The second error charged is that the defendant
bought a "Circassian Walnut bedroom set" selected by herself,
and that the "bedroom set" tendered her, to quote her own testi-
mony, "was not the furniture that she had purchased x x it was
a much inferior kind of light wood".

The defendant is the only witness who supports this
allegation; the plaintiff and two other witnesses deny it and
assert positively that the furniture defendant bought was the

512

same furniture which was tendered to her. We do not believe that the defendant has made out her case of substitution. A circumstance against her is the fact that while she finds fault only with the Circassian Walnut set, sold to her for $250, she refuses also to pay for the other American set and for the three kitchen tables, of the value of $215, concerning which she makes no allegations.

III. The third ground of complaint is that the contract contains the following clause:

"I do hereby consent and agree that the said property and the title to the same shall be and remain the property of said The Bee Hive Furniture Store until fully paid for as above agreed, and if I neglect to pay said installments when due (time being the essence of this contract) said The Bee Hive Furniture Store shall have the right and privilege at any time thereafter to demand and take away its said property, and I agree to forfeit and lose all previous payments made thereon, the same being treated as rents";

that plaintiff by retaining possession of the furniture and by said clause has waived any claim for a specific performance and has itself limited the measure of damages for the non-payment of all the installments to the sums paid on account, in this case to $75.

The answer to this contention is contained in the case of the Barber Asphalt Paving Co. vs St. Louis Cypress Co., 121 La., 152.

The Court said:

"A so-called conditional sale, or sale by which the vendee is to become at once unconditionally bound for the price, and the vendor is to continue to be owner of the property until the price is paid, is not possible under the laws of this State. A petition wherein the vendor under such a contract claims the ownership of the property sold shows no cause of action".

IV Lastly the defendant contends that the judgment of this Court should be "conditioned on plaintiff's delivery to her of one Circassian Walnut bedroom set". &c. It is the duty of the

buyer first to pay the price before he can claim delivery of the thing sold.

> C. C., 2487 (2463)
>
> "The seller is not bound to make a delivery of the thing, if the buyer does not pay the price, and the seller has not granted him any term for the payment".
>
> 2 Ct. App. 308. *Rehearing refused*