MRS. ANNIE E. KUYKENDALL, ADMINISTRATRIX OF THE ESTATE OF RUFUS KUYKENDALL, DECEASED, v. SOUTHERN RAILWAY COMPANY AND O. E. WILSON.

(Filed 9 October, 1935.)

**Railroads D b—**

In this action to recover for the death of plaintiff's intestate, killed while attempting to cross defendant's tracks at an unobstructed grade crossing during the daytime, the evidence *is held* to disclose contributory negligence barring recovery as a matter of law on authority of *Rimmer v. R. R., ante,* 198.

APPEAL by plaintiff from *Sink, J.,* at January Term, 1935, of HEN-
DERSON. Affirmed.

This is a civil action, brought by plaintiff administratrix against de-
fendant, for actionable negligence in killing her intestate, Rufus Kuy-
kendall. The defendant set up the plea of contributory negligence.

The judgment of the court below is as follows:

"This cause coming on to be heard before the undersigned judge pre-
siding, and a jury, and being heard; at the close of plaintiff's evidence
the defendant moved for judgment as of nonsuit. Upon hearing argu-
ment of counsel for plaintiff and defendant, the court is of the opinion
that the motion should be allowed: It is therefore ordered and adjudged
by the court that said action be and the same is hereby nonsuited and
dismissed, and it is further adjudged that the plaintiff pay the costs of
the action, to be taxed by the clerk. This 19 January, 1935. H. Hoyle
Sink, Judge presiding."

The only exception and assignment of error by plaintiff is to the court
below granting a judgment as of nonsuit.

*Ewbank & Weeks and Charles French Toms, Sr., for plaintiff.*
*R. C. Kelly, Jones & Ward, and Martin & McCoy for defendant.*

PER CURIAM. At the close of plaintiff's evidence the defendant made
a motion in the court below for judgment as in case of nonsuit. C. S.,
567. The court below sustained the motion, and in this we can see
no error.

There was plenary evidence to the effect that it was a public crossing
and "the engine was not blowing  . . .  the bell did not ring." This
was negligence on the part of defendant, and, if this was the proximate
cause of the injury, plaintiff could recover, but the defendant set up the
plea of contributory negligence. On this aspect: Defendant's train was
traveling from East Flat Rock to Hendersonville, practically in a north-
ern direction. The plaintiff's intestate was in a one-horse wagon, travel-
ing parallel to defendant's track on a county highway in the same direc-
tion. The crossing over the railroad track where plaintiff's intestate
was killed on the main track, leads over to the mill village—Skyland
Hosiery Mills. At this crossing on the west is a spur track and then
the main track of defendant railroad. As plaintiff's intestate approached
this spur track he had to drive from the county highway up an incline
about ten feet high to the tracks. When he reached the top of the
embankment and got near the railroad crossing, the road was level, and
by looking he could see the defendant's train 240 steps. It was about
12 o'clock in the daytime and nothing to obstruct his view. He trav-
eled on the level up to and over the spur track and then onto the main

track, where he was killed. This would make him guilty of contributory negligence, and would bar recovery. *Rimmer v. R. R., ante,* 198.

It may be that on account of the peculiar ascending road to the railroad crossing and the difficulty of seeing the train approach, if he had been caught on the spur track a different result would follow. We see no sufficient evidence of last clear chance to be submitted to a jury on account of the horse "prancing around on the railroad track on his hind legs."

For the reasons given, the judgment is

Affirmed.