W. T. LAMM v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 2 March, 1938.)

**Railroads § 9—Evidence held to disclose contributory negligence barring
recovery for truck demolished in crossing accident.**

Evidence that the driver of a truck saw defendant's train approaching,
thought he could get across before the train got to the crossing, and that
the train hit the rear wheels of the truck as it was crossing the second
track, *is held* to disclose contributory negligence barring recovery for the
destruction of the truck, as a matter of law, even though it be conceded
that the train was being negligently operated at an excessive speed.

APPEAL by plaintiff from *Bone, J.,* at November Term, 1937, of
WILSON. Affirmed.

*W. A. Lucas for plaintiff, appellant.*
*F. S. Spruill and Finch, Rand & Finch for defendant, appellee.*

PER CURIAM. This was an action to recover damages for the alleged
negligent destruction of a truck.

The plaintiff's evidence was to the effect that the agent and servant
of the plaintiff was driving plaintiff's truck on Green Street in the town
of Wilson; that said Green Street crosses the double tracks of the defend-
ant railroad company; that as the driver of the truck attempted to drive
the truck across said tracks the truck was struck by the engine of a
through passenger train of the defendant and demolished; that said train
was being operated at a speed of from 60 to 70 miles per hour, in viola-
tion of an ordinance of the town of Wilson which provided that it should
be unlawful to operate a railroad train through said town at a greater
rate of speed than 25 miles per hour. The plaintiff's evidence was
further to the effect that the driver of the truck stopped the truck as
he approached the tracks of the defendant in five or six feet of the first
track; that the driver's view of the track was unobstructed and that he
looked and saw the train approaching at a distance of three-fourths of a
mile north of the Green Street and track crossing, and remarked that
"he thought he could make it and started the truck across the track, and
while the truck was crossing the second track it was struck about the
rear wheels by the train."

At the close of the plaintiff's evidence, the court allowed defendant's
motion for judgment as in case of nonsuit, and the plaintiff reserved
exception and appealed.

In allowing the motion for nonsuit we see no error. While it will
be conceded that there is sufficient evidence of actionable negligence of

the defendant to carry the case to the jury, the plaintiff's own evidence proves him out of court on the issue of contributory negligence. *Harrison v. R. R.,* 194 N. C., 656.

"The universal rule (is) that a person who enters on a railway track in front of a train he knows to be approaching is guilty of such negligence that he cannot recover for injuries sustained." *Royster v. R. R.,* 147 N. C., 347, and cases there cited.

Since the driver's view of the track to the north, the direction from which the train was approaching, was unobstructed for at least three-fourths of a mile, he was guilty of contributory negligence in entering upon the track in front of an approaching train. *Kuykendall v. R. R.,* 208 N. C., 840.

The judgment of the Superior Court is

Affirmed.